UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE OAK MAINTENANCE ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:26-cv-2072 ) |
| GREATER NEW YORK MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff, The Oak Maintenance Association, by its undersigned attorneys, for its Complaint against Defendant, Greater New York Mutual Insurance Company, states as follows:

## FACTS

1. Plaintiff, The Oak Maintenance Association ("Plaintiff"), is a citizen of Illinois, being an Illinois not-for-profit corporation with its principal place of business in Oak Forest, Illinois, and is the owner of the 79 structures, including multi-unit apartment buildings, detached garages, pool house, and office, located in Oak Forest, Illinois (collectively "the Buildings").

2. Defendant, Greater New York Mutual Insurance Company ("GNY"), is a New York citizen, being a New York corporation with its principal place of business in New York, New York.

3. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332(c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

1

4. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because the events giving rise to its claims occurred in this judicial district. Additionally, GNY does business and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5. GNY issued Plaintiff a commercial property insurance policy effective October 1, 2023, to October 1, 2024 ("the insurance policy"), a copy of which is attached to this Complaint as Exhibit A.

6. Under the "Building and Personal Property Coverage Form" of the insurance policy, GNY insured against direct physical loss of or damage to the Buildings caused by or resulting from a covered cause of loss.

7. Under the "Causes of Loss - Special Form" of the insurance policy, a covered cause of loss is direct physical loss unless the loss is limited or excluded in the insurance policy.

8. Loss caused by hail is not limited or excluded under the terms and conditions of the insurance policy and, therefore, is a covered cause of loss.

9. On or about February 27, 2024, while the insurance policy was in full force and effect, the Buildings were damaged by hail ("the loss").

10. Plaintiff promptly notified GNY of the Loss and submitted a claim to GNY for benefits due and owing under the insurance policy.

## COUNT I
**(Breach of Contract)**

11. Plaintiff re-alleges paragraphs 1 through 10 of the Facts of the Complaint as paragraph 11 of Count I of the Complaint.

12. Plaintiff has substantially performed all post-loss conditions required by the insurance policy to be performed by it, requested of it, and/or not waived by GNY including, but

2

not limited to (a) paying all premiums; (b) giving prompt notice of the loss; (c) cooperating with GNY in its investigation of the loss and ensuing claim; (d) submitting a sworn proof of loss; and (e) filing suit against GNY within two years of the loss.

13. It is GNY's contractual obligation to pay Plaintiff for amounts due under the insurance policy for the covered loss, including the cost to repair/replace the hail damage to the Buildings.

14. Although requested to do so, GNY has failed to pay for the hail damage to the Buildings, thus breaching the insurance policy.

15. GNY's breach of the insurance policy was and is the direct and proximate cause of damage to Plaintiff in an amount in excess of $75,000.

16. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Plaintiff is entitled to prejudgment interest.

WHEREFORE, Plaintiff, The Oak Maintenance Association, prays for judgment in its favor and against Defendant, Greater New York Mutual Insurance Company, in an amount in excess of $75,000 plus prejudgment interest and costs.

## COUNT II
**(Section 155 Relief)**

17. Plaintiff re-alleges paragraphs 11 through 16 of Count I of the Complaint as paragraph 17 of Count II of the Complaint.

18. At the time of the loss, GNY's internal claims policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code, as well as compliance with sections 154.4 and 154.6 of the Illinois Insurance Code.

19. Plaintiff is entitled to an award of taxable costs under section 1555 of the Illinois Insurance Code by virtue of GNY engaging in the following vexatious and unreasonable conduct:

   a. not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the Loss, a claim in which liability was reasonably clear, in violation of section 154.6 of the Illinois Insurance Code and in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.50 of the Illinois Administrative Code;

   b. failing and refusing to pay the full actual cash value of the hail loss to the Buildings without conducting a full, fair, and objective investigation based on all available facts and circumstances, in violation of its internal claims policies, practices, and procedures and in violation of section 154.6 of the Illinois Insurance Code;

   c. knowingly misrepresenting to Plaintiff in its denial letter that the hail damage to the Buildings is the result of wear and tear; rust, corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself; neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss; faulty, inadequate or defective planning, zoning, development, surveying, siting; design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; materials used in repair, construction, renovation or remodeling; or maintenance of part or all of any property on or off the described premises, which misrepresentation served as a basis of the coverage declination, in violation of section 154.6(a) of the Insurance Code;

   d. retaining an engineer, YA Engineering Services, to assist in investigation of the claim when GNY knows that YA Engineering Services is repeatedly used by GNY and other insurers, and is biased in favor of insurers, including GNY;

   e. failing to provide Plaintiff with a copy of the YA Engineering Services report upon which it based its denial of the claim, despite requests for the same;

   f. without proper cause, wrongfully and knowingly refusing to reimburse Plaintiff for all of its covered hail loss under the insurance policy;

   g. failing to be fair, open, and to carry out its part of the bargain under the insurance contract in good faith, contrary to its claim handling philosophy; and

4

    h.  forcing Plaintiff to retain legal counsel to investigate the loss and claim and to sue to recover all benefits that should have been immediately forthcoming under the insurance policy.

WHEREFORE, Plaintiff, The Oak Maintenance Association, prays for an award of taxable costs, including reasonable attorney fees, in its favor and against Defendant, Greater New York Mutual Insurance Company.

**Plaintiff demands a trial by jury.**

Dated: February 24, 2026

/s/ Christina M. Phillips
Christina M. Phillips
Edward Eshoo, Jr.,
Emily Cabadas
MERLIN LAW GROUP
181 W. Madison Street, Suite 3475
Chicago, IL 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
cphillips@merlinlawgroup.com
eeshoo@merlinlawgroup.com
ecabadas@merlinglawgroup.com
Attorneys for Plaintiff